J-S27029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS DESANUEL MITCHELL | : | |
| | : | |
| Appellant | : | No. 2366 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 7, 2019
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0000568-2018, CP-46-CR-0000569-2018

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.*

MEMORANDUM BY McCAFFERY, J.:                      **FILED JULY 27, 2020**

Otis Desanuel Mitchell (Appellant) appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas. Appellant is a *pro se* litigant who chose to represent himself at trial.  Due to a number of missteps, including the filing of a 48-page Statement of Errors Complained of on Appeal per Pa.R.A.P. 1925(b), he has waived all appellate issues; therefore, we affirm.  We also deny Appellant's "Application to Dismiss."

On March 4, 2019, Appellant was tried by a judge (having waived his jury right) and found guilty, under two docket numbers, of several drug charges arising from two observed controlled buys.[1]  On June 7, 2019, after review of a presentence report, the trial court imposed a sentence of one and

_____

* Former Justice specially assigned to the Superior Court.

[1] **See** Trial Ct. Op., 3/9/20, at 1-2.

one-half to three years' imprisonment for criminal use of a communication facility, concurrent to two to four years' imprisonment for possession of a controlled substance with intent to deliver.[2]  Trial Ct. Op. at 8.  The court imposed a consecutive sentence on the same charges (arising from the other controlled buy) which is identical except for the addition of a four-year probationary tail.  *Id.*  His aggregate sentence is four to eight years' imprisonment with four years of consecutive probation.  Appellant did not file any post-sentence motion.

Appellant filed a notice of appeal in this Court, as detailed below.[3]  On August 20, 2019, the trial court entered an order pursuant to Pa.R.A.P. 1925(b).  Appellant filed a 48-page statement on September 6, 2019.  The statement does not contain numbered issues; rather, it is primarily an undifferentiated mass of handwritten text.

We note that although Appellant filed a single notice of appeal listing more than one docket number, we decline to quash this appeal due to Appellant's failure to comply with *Commonwealth v. Walker*, 185 A.3d 969

---

[2] *See* 18 Pa.C.S. § 7512(a); 35 P.S. § 780-113(a)(30).

[3] Appellant included in his notice of appeal two trial court docket numbers that did not result in a conviction, and that appear to have no appealable order. On August 22, 2019, this Court issued a Rule to Show Cause, directing Appellant to address this discrepancy, as well as the *Walker* issue.  On September 13, 2019, having received Appellant's response, this Court quashed the appeals as to the two docket numbers that do not pertain to any conviction.

(Pa. 2018).[4]  Under **Walker**, when one order resolves issues arising on multiple lower court dockets, an appellant must file separate notices of appeal for each docket number; "[t]he failure to do so will result in quashal of the appeal." **Id.** at 977.  Appellant filed a single notice of appeal listing several trial court docket numbers, a procedure that was disapproved in **Walker**.  We decline to quash under **Walker**, as the trial court was in the habit of filing orders with Appellant's multiple docket numbers on them, and thus Appellant might easily have been misled to think that his filings should do likewise.[5] Further, at Appellant's sentencing, he was told by the trial court that he could file "an appeal." N.T., 6/7/19, at 7.  Under similar circumstances, this Court has concluded that such advisement constituted a breakdown in court operations, excusing an otherwise-impermissible failure to abide by **Walker**. **See, e.g., Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (where PCRA court told appellant he could file "a notice of appeal" and otherwise used singular, this Court declined to quash appeal under **Walker**).

Nor are we quashing the appeal based on timeliness, as it appears that Appellant filed a timely notice of appeal in the wrong court.  Appellant's judgment of sentence was entered on June 7, 2019.  His "*nunc pro tunc*"

_____

[4] "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant . . . a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003).

[5] **See, e.g.**, Order, 1/16/19 (granting *in forma pauperis* status, and listing three docket numbers under which Appellant had been charged).

- 3 -

notice of appeal was docketed in the Court of Common Pleas on August 9th.

In his *nunc pro tunc* notice of appeal filed with the trial court, he included a

letter from this Court referencing receipt of an earlier notice of appeal. That

letter was dated June 24, 2019, and thus was within 30 days of Appellant's

judgment of sentence. ***See*** Pa.R.A.P. 903(a) (notice of appeal shall be filed

within 30 days after the entry of the order from which the appeal is taken).

> If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

Pa.R.A.P. 905(a)(4).[6] To the extent that this did not happen here, we would

deem it an administrative breakdown in court operations, excusing any

untimely filing.

Although we decline to quash this appeal due to the ***Walker*** deficiency

or the confusion and potential tardiness surrounding the notice of appeal, we

conclude that all issues are waived due to Appellant's blatant and intentional

noncompliance with the trial court's order per Pa.R.A.P. 1925(b). The word

"concise" as used in Rule 1925 is not an obscure legal term, but a term of

common parlance, perfectly capable of being understood and applied by a *pro*

---

[6] ***See also*** 42 Pa.C.S. § 5103(a) (appeals filed in wrong court shall not be quashed but transferred and treated as filed as of day of first, erroneous, filing); Pa.R.A.P. 751(a) (same).

*se* litigant. Indeed, such a litigant, if proceeding in good faith, would submit a statement that complied not only with the letter of the rule but with its spirit, a statement that is drafted to facilitate review of claims of error. Appellant's "statement" reveals that he is not participating in good faith and attempting to seek review of claims he genuinely believes to be meritorious. Rather, he is using our system of justice for his own ends, seemingly to express anger and contempt.[7] "The Pa.R.A.P. 1925(b) statement must be sufficiently concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal." *Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa. Super. 2016) (citations, internal brackets, and quotation marks omitted). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Id.* (citation omitted). "[T]his type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues." *Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005). Appellant has failed to comply both with the letter and with the spirit of Rule 1925.

The trial court, in an act of great generosity of spirit, attempted to glean what it could from Appellant's filing.[8] However, the trial court also pointed

_____

[7] Appellant has, at various points in this litigation, seemed to brandish objection for the mere sake of brandishing objection. For instance, he objected to the mere presence of standby counsel during his trial. *See* Trial Ct. Op. at 6. He also objected to a Commonwealth motion to *nolle prosequi* a set of charges against him. *See id.* at 7.

[8] Most of what the trial court gleaned from Appellant's statement seems to amount to baseless allegations that police witnesses lied and conspired

out, correctly, that "[n]either this, nor any Court should be tasked with having to wade through forty-eight (48) pages of mostly unintelligible mire to identify potential issues and aid [Appellant] on his appeal." Trial Ct. Op. at 16.

Appellant has also filed an "Application to Dismiss" with this Court. It is mostly nonsensical and at no point makes any clear request that anything be dismissed, or that this Court take any other action in particular. We therefore deny it.

Judgment of sentence affirmed. Appellant's "Application to Dismiss" denied. In the event of further proceedings, the parties shall attach a copy of the March 9, 2020 trial court opinion to any filings of this memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/20

---

against him, and that the trial court was also party to this conspiracy. **See** Trial Ct. Op. at 10. Appellant's filings in this Court indicate that he considers himself to be a "sovereign citizen" beyond the jurisdiction of our courts. **See, e.g.**, Appellant's Brief at 1-8. This is facially frivolous nonsense.